**FILED**

MAY 2 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL L. CRAVENS, )
)
           Plaintiff, )
)
vs. )
)
NORTHEAST ILLINOIS REGIONAL )
COMMUTER RAILROAD )
CORPORATION, )
d/b/a Metra – METROPOLITAN RAIL, )
)
           Defendant. )

**06CV2835**
**JUDGE FILIP**
**MAG. JUDGE VALDEZ**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL L. CRAVENS, by and through his attorneys James T. Foley and HOEY & FARINA, P.C., and for his Complaint against Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra – METROPOLITAN RAIL (hereinafter METRA), states as follows:

1.     Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2.     This action arises under and the Rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S. Code § 51, et seq.

3.     At all times herein, the Defendant, METRA, was and is a railroad corporation doing business in the State of Illinois.

4.     At all times herein, the Defendant, METRA, was a common carrier by railroad engaged in Interstate Commerce.

5.     On June 04, 2005 at or about 3:32 P.M., the Defendant, METRA owned, maintained and operated a rail Station commonly known as University Park Station located on Stuenkel Street at Governors Highway in the City of University Park, State of Illinois.

6.     On June 04, 2005, Plaintiff was employed by Defendant, METRA as a conductor assigned to job 135.

7.     On June 04, 2005, at or about 3:32 P.M. and at all times pertinent, Plaintiff was performing work for Defendant METRA in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

8.     In the usual course of his duties as a conductor for Defendant METRA, on June 04, 2005 at or about 3:32 P.M., at Defendant's University Park Station, Plaintiff was violently and unexpectedly attacked by a passenger, resulting in serious and permanent injuries.

9.     At the time and place alleged, the Defendant METRA had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work.

10.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

(a).     Failed to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

(b).     Failed to adapt, install, implement and enforce a safe method and procedure for monitoring and screening passengers before they are allowed to board Defendant METRA's trains, and while they are on board the trains;

2

(c).    Failed to provide sufficient personnel to ensure the safety of the train crew;

(d).    Failed to adapt, install, implement and enforce a safe method and procedure for the patrol and monitoring of the METRA train cars the Plaintiff was required to work aboard;

(e).    Failed to warn Plaintiff of the presence of a dangerous and violent passenger aboard the METRA train car he was required to work;

(f).    Failed to adapt, install, implement and enforce a safe and suitable method of communication among members of the train crew Plaintiff was required to work with;

(g).    Failed to properly train its train crews including Plaintiff on how to deal with, recognize and restrain unruly dangerous passengers, when Defendant has actual notice of such passenger;

(h).    Failed to provide its train crews, including Plaintiff with sufficient security personnel on board its trains to protect the crews from unruly, dangerous passengers, when Defendant has actual notice of such passengers;

(i).    Failed to properly adapt, install, implement and enforce a safe and suitable method of providing police backup to its train crews when the crews encounter unruly, dangerous passengers;

(j).    Otherwise failed to exercise ordinary care to provide Plaintiff wife as safe place to work.

11.    Defendant's failure to provide Plaintiff with a safe place to work by one of more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

3

12.     As a consequence, Plaintiff, MICHAEL L. CRAVENS, incurred injury which has caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lost great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

13.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff MICHAEL L. CRAVENS, demands judgment in his favor and against Defendant, METRA in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,
Michael L. Cravens

By: _____
Attorney for Plaintiff

James T. Foley
HOEY & FARINA, P.C.
542 Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212

4